IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

RICK FERMAZIN, )
 )
    Plaintiff, )
 )
 )  Case No. 15 L 7707
v. )
 )
 )
MENARD'S, )
 )
    Defendant. )

## COMPLAINT

### COUNT I

#### Negligence

**NOW COMES Plaintiff, Rick Fermazin, by and through his attorney, Brandon C. Hall of Hart and David, LLP, and for his complaint against Defendant, Menard's, alleges and states as follows:**

1. Plaintiff is a resident of Kendall County, Illinois.

2. Defendant is a corporation, with principal business offices and retail locations in Cook County, Illinois.

3. Defendant operates retail stores in Illinois. The stores are open to all members of the public during regular store hours.

4. On or about August 8, 2013 the Plaintiff, a business invitee, was shopping at a Menard's retail store in Kendall County, Illinois.

5. On or about August 8, 2013, two large pallets were placed near an end cap in the aforesaid Menard's location.

6. On or about August 8, 2013, one large pallet was stacked with boxes, obstructing and completely blocking the view of an empty pallet to the rear.

7. As a result of negligently placing an empty pallet on the floor, and placing the same pallet out of view of business invitees, the Plaintiff suffered severe injuries to his legs and ankles when he attempted to turn the corner and his foot became trapped in the pallet.

8. On the aforesaid date, and at said location, Defendant corporation had or should have had employees present in the store charged with the duty of not leaving empty and dangerous pallets out of sight in the common walking areas of the store.

9. On the aforesaid date, Defendant, by its agents and employees, owed a duty to all business invitees not to leave empty, dangerous pallets in the common walking area of the store.

10. On the aforesaid date, Defendant, by and through the acts and omissions of its employees, failed to warn the Plaintiff, a business invitee, of the dangerous pallet in the common area of the store.

11. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant, by and through its agents and/or employees, Plaintiff received severe and permanent injuries, including injuries to bones, ligaments, muscles, nerves and tissues in his legs. Plaintiff incurred and will incur in the future medical and doctor expenses, pain and suffering, all to his great damage.

## COUNT II

### Personal Injury-Premises Liability Act

1. On and prior to, Defendant owned, controlled, and maintained the premises located at 1800 Marketview Drive, in the City of Yorkville, Kendall County, Illinois.

2. At the time and place aforesaid, the Defendant had a duty to exercise reasonable care in the maintenance of his premises so that the premises would be reasonably safe for persons lawfully in it.

3. At the time and place foresaid, the Plaintiff was a business invitee of the Defendant.

4. At the time and place foresaid, the Plaintiff was walking in the aisle when his foot became trapped in a pallet.

5. The act of his foot being caught in the pallet and falling to the ground, caused, severe and permanent injuries to the Plaintiff's body.

6. At the time and place foresaid, Defendant was in violation of the Premises Liability Act, 740 ILCS 130/1, *et seq.*, in one or more of the following ways:

   a. Permitting an empty pallet to be left unattended on the premises where customers have free access of ingress and egress

   b. Knowing or in the exercise of ordinary care failing to know of the unreasonable risk of harm that the pallet posed to persons walking near it.

   c. Permitting a larger pallet stacked full of boxes to entirely block the view of the empty pallet and failing to warn invitees of the dangers of the empty pallet.

   d. Knowing, or in the exercise of ordinary care failing to know that the pallet could cause serious injury to business invitees in the store.

7. As a proximate result of one or more of the foregoing violations of the Premises Liability Act by Defendant, Plaintiff suffered injuries of a personal and pecuniary natire.

**WHEREFORE, Plaintiff, Rick Fermazin, prays for a judgment in his favor and against Defendant, Menard's in an amount in excess of $75,000.00 that will justly compensate Plaintiff for injuries he sustained, plus the cost of the suit.**

**Plaintiff demands trial by jury of twelve**

                                                           **Rick Fermazin, Plaintiff**

                                                           BY: Brandon C. Hall
                                                           _____
                                                                   Attorney

Brandon C. Hall
Hart and David, LLP-57017
360 W. Butterfield Road, Suite 325
Elmhurst, IL 60126

Served.
8-5-15

*[signature]*