IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICK FERMAZIN, | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) Case No: 15 CV 7272 |
| MENARD, INC. | ) Honorable Judge Gilbert |
|     Defendant. | ) |

**PLAINTIFF'S MOTIONS *IN LIMINE* 1-15**
**TO EXCLUDE VARIOUS EVIDENCE AND ARGUMENTS**

NOW COMES the Plaintiff, by and through his attorneys, HART and DAVID, LLP, and moves this Honorable Court for entry of an order barring defendant, defendant's counsel, experts or other witnesses from introducing in any way and in any form, at any time during the course of this trial, any evidence, remark, statement, request, suggestion, inference, innuendo, question, answer, testimony, or other reference of any nature to testimony and/or opinions regarding the following issues:

**I.**     **Motion to exclude Plaintiff to prove a specific dollar amount of damages**

Any reference that the Plaintiff is required to prove a certain specific dollar amount in or to be compensated for pain and suffering or other non-economic damages. The amount of damages and injury to a person are not to be measured solely on the basis of specific medical expenses incurred. *Salo v. Singhurse*, 181

Ill.App.3d 641, 537 N.E.2d 339, 342 (5th Dist. 1989). *Northern Trust Co. v. County of Cook*, 135 Ill. App.3d 329, 481 N.E.2d 957 (1st Dist. 1985).

## II. Motion to exclude any settlement demands or offers

Any comment or reference to any settlement negotiations including any offers of settlement, settlement demands, offer or compromise, the amount of such offers or demands and any rejection of such offers. Illinois Courts consistently hold that that matters relating to offer of compromise and negotiations for settlement are inadmissible. *Sawicki v. Kim,* 112 Ill. App.3d 641, 445 N.E.2d 63 (2nd Dist. 1983).

## III. Motion to exclude failure to mitigate damages

Any reference or arguments that the Plaintiff failed to mitigate his damages since; 1) there is no evidence which creates an issue of fact as to the Plaintiff's negligence in securing medical attention, 2) there is no evidence that any of the Plaintiff's damages which may allegedly result from the failure to exercise due care in seeking medical attention are separable from the Plaintiff's other injuries and damages and 3) failure to mitigate is not one of the Defendants' affirmative defenses. *See,* I.P.I. 33.01 and *Bartimus v. Paxton Community Hospital,* 120 Ill. App. 3d 1060, 1071, 458 N.E. 2d 1072, 1080 (4th Dist. 1983).

## IV. Motion to exclude insurance premium arguments

That any verdict would raise insurance rates and/or that cases like this are responsible for high insurance premiums. In light of the fact that the mention of insurance is not allowed the mention of what effect, if any, tort verdicts have on

insurance rates should, likewise, not be allowed. Additionally, to mention such statistics without any evidence or foundation would merely serve to inject irrelevant information with probative value into this case and would prejudice the Plaintiff.

## V. Motion to exclude evidence of windfalls and interest-free awards

Plaintiff moves that to bar any and all *voir dire*, statement, testimony, questioning, impeachment, cross-examination, expert testimony, argument, direct or indirect, by innuendo or otherwise, at any time during the course of the trial of this action, before any member of this venire, a panel, of the jury, any evidence of municipal bonds or other securities as tax free investments; that Plaintiff could live on accrued interest, or what Plaintiff could do by way of investment with an award that may be returned in this case.

## VI. Motion to bar evidence of collateral source benefits

Plaintiff anticipates defense counsel or witnesses may attempt to introduce evidence or mere reference regarding the existence of collateral source benefits received by the Plaintiff. Such evidence is irrelevant, improperly prejudicial and inadmissible. Any reference to the Plaintiff's health insurance including medical expense payments made should be barred as such reference is barred by the collateral source rule. *Hopwood v. Thomas Hoist Co.*, 71 Ill. App.2d 434, 219 N.E. 2d 76 (1st Dist. 1966) and *Bryntesen v. Carroll Construction Co.*, 27 Ill. 2d 566, 190 N.E. 2d 315 (1963). Further, Courts throughout the country have long recognized the collateral source rule. Under the rule, a Defendant's liability will not be reduced by

benefits received by a source independent and collateral to the wrong doer. *Mineiko v. Rizzuto*, 65 Ill.App. 2d 35 (1st Dist.1965); *Fear v. Smith*, 184 Ill.App.3d 51 (5th Dist. 1989). *Whiteside v. O'Connors*, 162 Ill. App. 3d 108 (3d Dist 1991). In *Whiteside*, the Appellate court noted that where the beneficiary of a life insurance policy received payments from decedents life insurance carrier, such evidence was whole incompetent and immaterial, and the admission of such was manifestly prejudicial to the Plaintiff. *Whiteside*, 162 Ill. App. At page 118. Moreover, informing the jury that the Plaintiff has received benefits from collateral sources is highly prejudicial and deprives Plaintiff of a fair trial. See *Phelan v. Santelli*, 30 Ill.App. 3d 657 (3d Dist. 1975).

**VII. Motion to exclude award not being subject to federal income taxes.**

That the recovery of the Plaintiff is not subject to federal income taxes. *Hall v. Chicago and Northwestern Railway Company*, 5 Ill. App 2d 135, *Wagner v. Illinois Central Railroad Company*, 7 Ill. 2d 445, *Christou v. Arlington Park Washington Race Tracks*, 104 Ill. App. 3d 257, 262, 432 N.E. 2d 920, 60 Ill. Dec. 21 (1982); *Siborowski v. Dressler & Assoc.*, 410 Ill. App. 3d 981, 443 N.E. 2d 450, 475 N.E. 2d 857.86 Ill. Dec. 478 (1985).

**VIII. Motion to exclude argument Plaintiff asking for larger award than he expects.**

That the Defendant not be allowed to argue in closing argument "that the Plaintiff has asked for a greater amount of money than he actually expects to be awarded" *Kallas v. Lee.*, 22 Ill. App 3d 496. 317 N.E. 2d 704 (1974).

### IX. Motion to exclude tort reform argument.

Any reference in opening statement, during testimony or in closing argument to a Perceived need for "tort reform" or similar term or phrase should be barred on the basis of relevance. (This Motion *in Limine* is not intended to encompass or extend to discussions, during jury selection, of potential jurors' feelings about "tort reform," lawsuit reform or similar issues.)

### X. Motion to exclude collateral source rule

Any evidence or testimony that the jury can consider evidence of free government medical services that might be available to Plaintiff now or in the future, due to Collateral Source Rule concerning those benefits presently available, and due to the uncertainty of the availability of those services in the future. *Phelan v. Santelli*, 30 Ill.App.3d 657, 666, 334 N.E.2d 391 (3rd Dist., 1975); *Northern Trust Co v. Cook County*, 135 Ill.App.3d 329, 481 N.E.2d 957 (1st Dist., 1985). (See also Plaintiffs' Motion *in Limine* No. 26.)

### XI. Motion to exclude statements regarding need for trial and lack of settlement

Any comments, argument or inferences by the defense that are based upon the subjective opinions of defense counsel and are pure generalizations does not serve to amplify or clarify any issues involved in this case. Likewise, the defendant should be

barred from making any comment or suggestion in closing arguments that the reason the case had to be tried is because the Plaintiff was asking too much money, or would not be reasonable and settle the case for a reasonable sum of money, as such comment or argument is untrue and would be intended solely to inflame the jury.

## XII. Motion to exclude medical records from the jury room

The decision of whether to send exhibits to the jury room rests within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Fultz v. Peart*, 144 Ill. App. 3d 364, 379 (1st Dist. 1993). The Illinois Supreme Court has stated that in dealing with exhibits containing considerable material irrelevant to the issues of the case, "the preferred procedure is to have the relevant portions of the exhibits read to the jury." *Lawson v. G.D. Searle & Co.*, 64 Ill.2d 543 (1976). In *Fultz v. Peart*, 144 Ill. App. 3d 364 (5th Dist. 1986), the Fifth District Appellate Court upheld the trial court's decision to bar medical records from going back to the jury room. *Fultz* was a medical malpractice case where both parties relied extensively on entries made to hospital records in arguing their respective cases. Plaintiff's two experts used those records in forming their opinions. Further, the jury specifically requested the records during deliberations. The trial court refused defendant's request that the jury be allowed to take the exhibits to the jury room. The appellate court upheld the trial court's decision because it felt that the danger of prejudice outweighed the possible benefits in allowing the jury to take the exhibits to the jury room. *Id.* In reaching its decision, the court noted the records were lengthy and contained considerable information beyond the understanding of the average juror. *Id.*

Moreover, the records contained information irrelevant to the case, which might have influenced the jury. Additionally, the court reasoned that during the course of the trial, the pertinent records were used extensively during testimony so there was no need for the jury to take the records back to the jury room. Similarly, in *Merlo v. Parisi*, 255 Ill. App. 3d 53 (1st Dist. 1993), the First District Appellate Court refused to allow medical records to go back to the jury room. *Merlo* was also a medical malpractice case in which there was extensive testimony regarding entries made to medical records. The trial court denied plaintiff's request that the jury be allowed to take the exhibits to the jury room during deliberations. On appeal, the plaintiff argued that the exhibits should have gone back to the jury room because the exhibits would help refresh the jurors' recollection of the highly complex testimony. The appellate court held that the trial judge properly denied plaintiff's request because the records contained information that was beyond the understanding of the average juror and irrelevant information, which might prejudice the jury. *Id.* The appellate court also noted that the plaintiff was allowed to use blow-ups of the records during the entire trial, which were continuously exhibited to the jury. In the case at bar, the jury has had ample opportunity to view blow-up exhibits of the pertinent records throughout the entire trial. Both parties have extensively referred to them in their respective cases and the jurors had the opportunity to take notes. Moreover, the medical records are voluminous, difficult to read and beyond the understanding of the average juror. Finally, they contain irrelevant information, which could be prejudicial to plaintiff.

### XIII. Motion to exclude history of prior criminal convictions

Fermazin moves to exclude any of his previous criminal record pursuant to Federal Rule of Evidence 609. FRE 609(a). Fermazin anticipates that Menard, Inc. will attempt to introduce evidence of his prior convictions under Federal Rules of Evidence 609, and objects to the admission of these convictions should he choose to testify. Although 609 permits attacking a witness's character for truthfulness through prior felony convictions, it is subject to Federal Rules of Evidence 403 to determine if the probative value is substantially outweighed by its prejudicial effect. Fermazin's prior convictions of aggravated battery, driving while intoxicated and battery have nothing to do with truthfulness. "The reason for allowing cross-examination under Federal Rules of Evidence 609(a) is to allow a party to attempt to cast doubt on a witness's reliability for telling the truth. Acts involving fraud or deceit clearly raise such doubt, while certain acts, such as murder, assault, or battery normally do not." *Varhol v. Nat'l R.R. Passenger Corp.*, 909 F.2d 1557, 1567 (7th Cir. 1990). The only purpose for the defendant to bring up his past convictions is to prejudice the jury against plaintiff. It lends no bearing to his truthfulness during testimony or even to show propensity for plaintiff's character. In this case, driving while intoxicated aggravated battery and aggravated assault are not evidence of truthfulness but would substantially prejudice the jury against plaintiff.

### XIV. Motion to exclude Medical Records not relevant to Menard's claim

Federal Rule of Evidence Rule 401 states that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the

evidence; and (b) the fact is of consequence in determining the action. *Sprint/United Mgmt. Co. v. Medelsohn*, 552 U.S. 379, 388 (2008). Rule 402 specifically prohibits irrelevant evidence. The Advisory Committee has stated that "relevance is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401. Here, the only facts relevant are those medical records directly related to the event at issue which is medical treatment rendered to Mr. Fermazin for his knee and shoulder on the date of accident of August 12, 2013 and thereafter.

## XV. Motion to exclude unrelated litigation

These cases would concern different defendants and different allegations, and entirely unrelated incidents. Evidence of other litigation is irrelevant to any issue in this case and therefore, is inadmissible pursuant to Federal Rules of Evidence 402. The sole purpose of bringing in this type of evidence is to show the plaintiff's propensity for litigation and under Federal Rules of Evidence 404 (b)(1) is not admissible to prove that a person acted in accordance with a specific character. "[A] Plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant." *Gastineau v. Fleet Mortgage Co.*, 137 F. 3d 490, 496 (7th Cir. 1998). In the alternative that the evidence is relevant it should still be excluded under Rule 403. The allegation central to other litigation would only serve to confuse the issues, mislead the jury and unfairly prejudice Johnson and would serve no legitimate purpose. Fed. R. Evid. 403.

*Plaintiffs reserve the right to submit additional Motions in Limine, as necessary and/or as warranted by the proceedings*

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an Order granting Plaintiff's Motions in Limine in accordance with the Federal Rules of Evidence.

Respectfully Submitted,

Brandon Carson Hall

Attorney for Plaintiff

Brandon Carson Hall
Atty. No. 6301698
HART AND DAVID, LLP
360 W. Butterfield Road
Suite 325
Elmhurst, IL 60126
(630) 395-9496 (t)
(630) 395-9451 (f)