IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICK FERMAZIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 15 CV 7272 |
| ) | |
| ) | |
| MENARD, INC. ) | |
| ) | |
| ) | |
| Defendant. ) | |

## **DEFENDANT'S MOTIONS IN LIMINE**

NOW COMES the defendant, MENARD, INC., by and through their attorney, Marilynn Frangella, of FABRIZIO, HANSON, PEYLA & KAWINSKI, P.C., prior to selection of the jury in this case, and respectfully moves this Honorable Court, in limine, to enter an Order directing the plaintiff and any witness called by the plaintiff, to refrain from making any direct or indirect mention whatsoever, at the Trial, before the Jury, of the matters hereinafter set forth, without first obtaining permission of this Court, outside the presence and hearing of the Jury.

1. The defendant moves in limine to bar the plaintiff from making any mention whatsoever of insurance or suggesting in any way, directly or indirectly, that the defendant is insured or was insured at any relevant time, and further barring the plaintiff, and any witness called by the plaintiff, from utilizing the word "insurance", "claim" or "adjuster" while testifying before the Court, or inferring that there is liability insurance coverage available to the defendant. *Imparato v. Rooney,* 419 N.E.2d 620; *Guardo v. Navarro*, 47 Ill.App.2d. 27, 197 N.E.2d. 469 (1964).

1

Granted____ Granted as Modified____ Denied____ Reserved____ Withdrawn____

  2.  The defendant moves in limine to bar the plaintiff, or any witness called by the plaintiff, from making any mention or reference to the wealth or poverty of any party.

Granted____ Granted as Modified____ Denied____ Reserved____ Withdrawn____

  3.  The defendant moves in limine to bar all non-party witnesses from the courtroom until they are called to testify, so that each witness will not hear the testimony of other witnesses, and thereby be influenced or prejudiced in any way regarding his or her testimony. *Noone v. Olehy* (1921), 297 Ill. 160, 130 N.E. 476.

Granted____ Granted as Modified____ Denied____ Reserved____ Withdrawn____

  4.  The defendant moves to bar any and all testimony, documentary evidence, comments, arguments, questioning and/or inferences by the plaintiff or his attorney regarding any and all amounts of any medical bills or other expenditures allegedly incurred without evidence as to the reasonableness and necessity of said bills. It is error to admit medical bills without evidence of payment or reasonableness, and evidence of the amount charged alone does not indicate reasonableness. Further in the absence of competent medical testimony the plaintiff can only claim the amount actually paid after providing proof of same. Arthur v Catour, 216 Ill 2d 72, (Ill 2005), Wills v Foster, 229 Ill 2d 393 (Ill 2008), Baker v Hutson, 333 Ill App 3d 486, 266 Ill Dec 791 (5th Dist 2002).

Granted____ Granted as Modified____ Denied____ Reserved____ Withdrawn____

2

5. The defendant moves to bar any comments or other discussion that this case could not be, or was not settled and that there were settlement negotiations by or between any of the parties to this case, including any offers allegedly made by the defendant at the scene to pay the plaintiff's medical bills.

Granted____ Granted as Modified____ Denied____ Reserved____ Withdrawn____

6. The defendant moves to bar the attorney for the plaintiff from inquiring during voir dire that an prospective juror or member of their family work in the claim department of an insurance company, or in the alternative that any such questions be asked outside the presence of the other prospective jurors.

Granted____ Granted as Modified____ Denied____ Reserved____ Withdrawn____

7. The defendant moves to bar plaintiff's counsel from requesting defense counsel stipulate to the admissibility of any evidence or any facts in the presence and hearing of the jury, or moving for a directed verdict in the presence and hearing of the jury.

Granted____ Granted as Modified____ Denied____ Reserved____ Withdrawn____

8. The defendant moves to bar any lay witness testimony or mention of the condition of the plaintiff or plaintiff's injuries other than degree, location and frequency of symptoms based on observations.

Granted____ Granted as Modified____ Denied____ Reserved____ Withdrawn____

9. The defendant moves to bar any argument or reference that the defendant failed to produce testimony or evidence. It is not the defendant's burden to produce any evidence or testimony.

Granted____ Granted as Modified____ Denied____ Reserved____ Withdrawn____

10. The defendant moves to bar any and all medical records from being published to the jury or go to the jury for deliberations. <u>Gossard v. Kalra</u>, 225 Ill. Dec. 725 (1997).

Granted____ Granted as Modified____ Denied____ Reserved____ Withdrawn____

11. The defendant moves to bar the plaintiffs from arguing that the plaintiffs has had to wait many months and years for their day in court. This is not only irrelevant and prejudicial but also attempts to convey that the delay was occasioned by the defendant.

Granted____ Granted as Modified____ Denied____ Reserved____ Withdrawn____

12. The defendant moves to bar any reference to the filing or rulings on this motion in limine in the presence of the jury.

Granted____ Granted as Modified____ Denied____ Reserved____ Withdrawn____

13. The defendant moves to bar any reference to any court orders entered throughout this litigation in the presence of the jury.

Granted____ Granted as Modified____ Denied____ Reserved____ Withdrawn____

14. The defendant moves to bar any reference that the plaintiff was too poor or could not afford desired medical treatment. Hedge v. Midwest Construction, 53 Ill. App. 2d 365.

Granted____ Granted as Modified____ Denied____ Reserved____ Withdrawn____

15. The Defendant moves in limine to bar the Plaintiffs, their attorneys and any witness called by the Plaintiffs from being questioned or commenting on the veracity of another witness as it invades the province of the trier of fact and is improper. *See Cleary Graham's Handbook of Illinois Evidence Section 611.25 (page 566)(7th Edition 1999).*

Granted____ Granted as Modified____ Denied____ Reserved____ Withdrawn____

16. Defendant moves in limine to bar any testimony, evidence or argument regarding any other accident at Menards stores, whether prior to or following the a accident that is the subject of this lawsuit based on relevance.

Granted____ Granted as Modified____ Denied____ Reserved____ Withdrawn____

17. Defendant moves in limine to bar the plaintiff from claiming the medical specials associated with treatment to his left ankle as there is not competent medical evidence connecting his claimed left ankle injury and treatment to the subject accident. Defense counsel obtained the deposition of Dr. Ankur Behl who performed the plaintiff's left ankle surgery following the subject accident. Dr. Behl did not relate the plaintiff's left ankle injury and treatment to the subject accident. See Dr. Behl's deposition, attached hereto. Dr. Behl testified that the plaintiff's left ankle injury and surgery were due to an incident that occurred on May 3, 2014. (Dr. Behl, p. 38, lines 15-24).

Granted____ Granted as Modified____ Denied____ Reserved____ Withdrawn____

WHEREFORE, the defendant respectfully request this Court to enter an Order directing the Plaintiff, through his respective counsel, and said counsel, individually, not to mention, refer to or interrogate concerning, or voluntarily answer or attempt to convey before the jury, at any time during these proceedings, in any manner, either directly or indirectly, the subject matters as stated above, without first informing the Court and obtaining permission of the Court, outside the presence and hearing of the jury; and further, to instruct the Plaintiff, through her respective counsel, and respective counsel individually, not to make any reference or inference to the fact that this Motion has been filed, argued or ruled upon by this Court, and further that Plaintiff's counsel be instructed to warn and caution each and every witness appearing in their phase of this litigation to strictly comply with this rule of the Court.

        FABRIZIO, HANSON, PEYLA & KAWINSKI, P.C.

By: _____
    Marilynn Frangella

Marilynn Frangella #6271920
Fabrizio, Hanson, Peyla & Kawinski, P.C.
Attorneys for Defendant
116 N. Chicago Street, Suite 200A
Joliet, IL 60432
T: 815/727-5445
F: 815/727-1224

## **PROOF OF SERVICE**

I, Marilynn Frangella, attorney, certify that I served Defendant's Motions in Limine with exhibits to all attorneys of record by depositing a true and correct copy of same in the U.S. Mail, proper postage prepaid, in Joliet, Illinois, on March 10, 2017.

    /s/ Marilynn Frangella