# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICK FERMAZIN, | ) |
| Plaintiff, | ) No. 15 C 7272 |
| v. | ) Jeffrey T. Gilbert<br>) Magistrate Judge |
| MENARD, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

This is a personal injury case. Plaintiff Rick Fermazin ("Plaintiff") alleges that, when he was shopping at a store owned by Defendant Menard, Inc. ("Defendant"), his foot became trapped in an empty pallet, causing severe leg and ankle injuries. Complaint, [ECF No. 1-1, ¶ 7, at p. 1]. According to Plaintiff, he could not see the empty pallet as he rounded a corner in the store because it was placed on the floor behind another pallet that was stacked with boxes. *Id.* ¶¶ 5-7, at p. 1. Plaintiff asserts two counts against Defendant, one for negligence and the other for a violation of the Illinois Premises Liability Act.

This matter is set for trial on May 8, 2017. Minute Entry Dated 1/31/17, [ECF No. 29]. To prepare for trial, the Court ordered the parties to file motions *in limine* on or before March 8, 2017. *Id.* The Court allotted one week for the parties to file response briefs and another week for reply briefs. *Id.* Both parties filed motions *in limine*. Plaintiff's Motions *in Limine* 1–15 to Exclude Various Evidence and Arguments ("Plaintiff's Motions"), [ECF No. 31]; Defendant's Motions *in Limine* ("Defendant's Motions"), [ECF No. 32]. Defendant filed a response to Plaintiff's motions. Defendant's Response to Plaintiff's Motions *in Limine* ("Defendant's

Response"), [ECF No. 33]. Plaintiff did not respond to Defendant's motions, and neither party filed a reply.

For the reasons stated below, Plaintiff's Motions *in Limine* [ECF No. 31] are granted in part and denied in part, and Defendant's Motions *in Limine* [ECF No. 32] are granted in part and denied in part.

## II. LEGAL STANDARD

The district court has the inherent authority to manage the course of a trial. *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984). The court may exercise this power by issuing an evidentiary ruling in advance of trial. *Id.* A party may seek such a ruling by filing a motion *in limine*, which requests the court's guidance on what evidence will (or will not) be admitted at trial. *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013). Prudent motions *in limine* serve a gatekeeping function by allowing the judge "to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). By defining the evidentiary boundaries, motions *in limine* both permit "the parties to focus their preparation on those matters that will be considered by the jury," *id.*, and help ensure "that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

As with all evidentiary matters, the court has broad discretion when ruling on motions *in limine*. *United States v. Ajayi*, 2015 WL 8538025, at *5 (7th Cir. Dec. 11, 2015); *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Moreover, the court can change its ruling at trial, "even if nothing unexpected happens." *Luce*, 469 U.S. at 41. Rulings *in limine*

are speculative in effect; essentially, they are advisory opinions. *Wilson*, 182 F.3d 562, 570 (7th Cir. 1999) (Coffey, J., concurring in part and dissenting in part).

The court will grant a motion *in limine* to bar evidence only where that evidence is clearly inadmissible for any purpose. *Taylor v. Union Pac. R. Co.*, 2010 WL 5421298, at *1 (S.D. Ill. Dec. 27, 2010). This is a high standard. *Thomas v. Sheahan*, 514 F. Supp. 2d 1083, 1087 (N.D. Ill. 2007). The moving party bears the burden of establishing clear inadmissibility. *Euroholdings Capital & Inv. Corp. v. Harris Trust & Sav. Bank*, 602 F. Supp. 2d 928, 934 (N.D. Ill. 2009). If the moving party cannot satisfy her burden, the evidentiary ruling should be deferred until trial. *Green v. Goodyear Dunlop Tires N. Am., Ltd.*, 2010 WL 747501, at *1 (S.D. Ill. Mar. 2, 2010). That is because, at trial, the court will have the benefit of understanding "the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Casares v. Bernal*, 790 F. Supp. 2d 769, 775 (N.D. Ill. 2011).

### III. DISCUSSION

#### A. Plaintiff's Motions *in Limine*

##### 1. Motion No. 1

Plaintiff's first motion *in limine* seeks to bar reference to the proposition that Plaintiff must prove a specific dollar amount of damages. Plaintiff's Motions, [ECF No. 31 at 1]. Defendant does not object to this motion. Defendant's Response, [ECF No. 33 at 1]. Therefore, Plaintiff's Motion *in Limine* No. 1 is granted.

##### 2. Motion No. 2

Plaintiff's second motion *in limine* seeks to bar comment about or reference to settlement negotiations. Plaintiff's Motions, [ECF No. 31 at 2]. Defendant does not object to this motion.

Defendant's Response, [ECF No. 33 at 1]. Therefore, Plaintiff's Motion *in Limine* No. 2 is granted.

### 3. Motion No. 3

Plaintiff's third motion *in limine* seeks to bar reference to or argument about Plaintiff's failure to mitigate damages. Plaintiff's Motions, [ECF No. 31 at 2]. Defendant does not object to this motion. Defendant's Response, [ECF No. 33 at 1]. Therefore, Plaintiff's Motion *in Limine* No. 3 is granted.

### 4. Motion No. 4

Plaintiff's fourth motion *in limine* seeks to bar reference to the effect that this case, or cases like it, will have on insurance premiums. Plaintiff's Motions, [ECF No. 31 at 2–3]. Defendant does not object to this motion. Defendant's Response, [ECF No. 33 at 1]. Therefore, Plaintiff's Motion *in Limine* No. 4 is granted.

### 5. Motion No. 5

Plaintiff's fifth motion *in limine* seeks to bar evidence of tax free investments, Plaintiff's ability to live on accrued interest, and Plaintiff's ability to invest any award that he receives in this case. Plaintiff's Motions, [ECF No. 31 at 3]. Defendant does not object to this motion. Defendant's Response, [ECF No. 33 at 1]. Therefore, Plaintiff's Motion *in Limine* No. 5 is granted.

### 6. Motion No. 6

Plaintiff's sixth motion *in limine* seeks to bar evidence of collateral source benefits. Plaintiff's Motions, [ECF No. 31 at 3–4]. Defendant does not object to this motion. Defendant's Response, [ECF No. 33 at 1]. Therefore, Plaintiff's Motion *in Limine* No. 6 is granted.

### 7. Motion No. 7

Plaintiff's seventh motion *in limine* seeks to bar evidence and argument that any award received by Plaintiff in this case would not be subject to federal income tax. Plaintiff's Motions, [ECF No. 31 at 4]. Defendant does not object to this motion. Defendant's Response, [ECF No. 33 at 1]. Therefore, Plaintiff's Motion *in Limine* No. 7 is granted.

### 8. Motion No. 8

Plaintiff's eighth motion *in limine* seeks to bar argument that Plaintiff has asked for a larger award than he expects to receive. Plaintiff's Motions, [ECF No. 31 at 4–5]. Defendant does not object to this motion. Defendant's Response, [ECF No. 33 at1]. Therefore, Plaintiff's Motion *in Limine* No. 8 is granted.

### 9. Motion No. 9

Plaintiff's ninth motion *in limine* seeks to bar reference to tort reform. Plaintiff's Motions, [ECF No. 31 at 5]. Defendant does not object to this motion. Defendant's Response, [ECF No. 33 at 1]. Therefore, Plaintiff's Motion *in Limine* No. 9 is granted.

### 10. Motion No. 10

Plaintiff's tenth motion *in limine* seeks to bar evidence of free government medical services that might be available to Plaintiff now or in the future. Plaintiff's Motions, [ECF No. 31 at 5]. Defendant does not object to this motion. Defendant's Response, [ECF No. 33 at 1]. Therefore, Plaintiff's Motion *in Limine* No. 10 is granted.

### 11. Motion No. 11

Plaintiff's eleventh motion *in limine* seeks to bar statements that this case was not settled, and therefore had to be tried, because Plaintiff was asking for too much money or was being unreasonable during settlement negotiations. Plaintiff's Motions, [ECF No. 31 at 5–6].

Defendant does not object to this motion. Defendant's Response, [ECF No. 33 at 1]. Therefore, Plaintiff's Motion *in Limine* No. 11 is granted.

**12. Motion No. 12**

Plaintiff's twelfth motion *in limine* seeks to exclude medical records admitted into evidence from the jury room during deliberations. Plaintiff's Motions, [ECF No. 31 at 6–7]. Defendant does not object to this motion. Defendant's Response, [ECF No. 33 at 1].

Whether to allow properly admitted evidence to go back into jury deliberations is committed to the discretion of the district court. *United States v. Adame*, 827 F.3d 637, 648 (7th Cir.), *cert. denied*, 137 S. Ct. 407 (2016). Generally, jurors are "entitled to examine exhibits that are properly admitted into evidence." *United States v. Loughry*, 738 F.3d 166, 170 (7th Cir. 2013). But the court should not send to the jury room "exhibits that 'neither party has relied on, that have no relevance to any of the issues central to the case, or that are cumulative, prejudicial, confusing, or misleading.'" *Adame*, 827 F.3d at 648 (quoting *Deicher v. City of Evansville, Wis.*, 545 F.3d 537, 542 (7th Cir. 2008)).

It is premature to rule that all medical records will be excluded from the jury room. The Court has not yet seen the medical records and thus does not how much of the material in the records is relevant and how much of it is irrelevant. It also does not know whether anything in the medical records should be excluded because its prejudicial value outweighs any probative impact. Further, before the trial has even begun and with the limited information now before it, the Court cannot predict how much wither party will rely on specific medical records and cannot assess whether it would be unduly confusing to the jury to allow all or some of the medical records to go into the jury room.

The Court's concern about these issues is not lessened by the two decisions of the Appellate Court of Illinois that Plaintiff relies upon. Those cases, which were decided more than 23 years ago, involved the interpretation of a provision of the Illinois Code of Civil Procedure. *Merlo v. Parisi*, 627 N.E.2d 309, 315 (Ill. App. Ct. 1993); *Fultz v. Peart*, 494 N.E.2d 212, 223–24 (1986). Moreover, the opinions do not indicate that the trial courts decided to bar all medical records from the jury room before the respective trials began.

For all of these reasons, Plaintiff's Motion *in Limine* No. 12 is denied. The parties should raise this issue again at an appropriate time during the trial.

### 13. Motion No. 13

Plaintiff's thirteenth motion *in limine* seeks to bar Plaintiff's previous criminal convictions. Plaintiff's Motions, [ECF No. 31 at 8]. Defendant objects only to the extent that Plaintiff seeks to bar a 2013 conviction for misdemeanor theft and a 2013 conviction for felony battery. Defendant's Response, [ECF No. 33 at 1–4].

Defendant argues Plaintiff's theft conviction is admissible under Federal Rule of Evidence 609(a)(2). Under that provision, a conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." FED. R. EVID. 609(a)(2); *see also Williams v. City of Chicago*, 2015 WL 410699, at *1 (N.D. Ill. Jan. 30, 2015). In other words, "Rule 609(a)(2) applies to crimes involving 'some element of misrepresentation or other indication of a propensity to lie and exclud[es] those crimes which, bad though they are, do not carry with them a tinge of falsification.'" *Coles v. City of Chicago*, 2005 WL 1785326, at *1 (N.D. Ill. July 22, 2005) (quoting *United States v. Amaechi*, 991 F.2d 374, 378 (7th Cir. 1993)).

7

Defendant cites Illinois case law for the proposition that all theft is a crime of dishonesty. The Seventh Circuit, however, has said federal courts are not bound by that determination. *Kunz v. DeFelice*, 538 F.3d 667, 675 (7th Cir. 2008), *as corrected* (Aug. 27, 2008). Following the court of appeals' lead, courts in this circuit have repeatedly held that certain kinds of theft, including retail theft, petty theft, and robbery, are not inherently crimes of dishonesty under Rule 609(a)(2). *Clarett v. Roberts*, 657 F.3d 664, 669 (7th Cir. 2011); *Kunz*, 538 F.3d at 675; *Amaechi*, 991 F.2d at 379; *Miller v. Illinois Dep't of Transp.*, 2012 WL 2922690, at *5 (S.D. Ill. July 17, 2012); *Coles*, 2005 WL 1785326, at *1; *United States v. Smith*, 181 F. Supp. 2d 904, 909 (N.D. Ill. 2002); *see also Barber v. City of Chicago*, 725 F.3d 702, 714–15 (7th Cir. 2013) ("A felony conviction for possession of stolen property (or possession of a stolen motor vehicle) is not a crime of dishonesty per se . . . .").

Defendant has not provided any details about the facts underlying Plaintiff's theft conviction. Defendant has not even described in general terms what Plaintiff did. Instead, Defendant just says Plaintiff was convicted of violating "720 5/16-1(a)(1)(C)." No such provision actually exists. The Court presumes Defendant meant to cite subsection (a)(1), instead of (a)(1)(C). That subsection applies when a person "obtains or exerts unauthorized control over property of the owner." 720 ILL. COMP. STAT. 5/16-1(a)(1).[1] This proscription, however, would seem to cover the very types of theft that the Seventh Circuit has said are not crimes of dishonesty. That means the terms of the statute, standing on their own without any reference to the specific facts of Plaintiff's crime, do not establish that Plaintiff's conviction is covered by Rule 609(a)(2).

---

[1] The only other information that can be gleaned from the statute is that Plaintiff must have taken property that did not exceed $500 in value. *See* 720 ILL. COMP. STAT. 5/16-1(b)(1).

8

Defendant implicitly concedes that Plaintiff's felony conviction is not a crime of dishonesty that could be admissible under Rule 609(a)(2). *See* Defendant's Response, [ECF No. 33 at 3] ("The fact that a prior conviction does not relate to dishonesty does not in and of itself mean the conviction lacks probative value."). Defendant does not identify what other Rule of Evidence would make the conviction admissible. Instead, Defendant cites inapplicable Illinois case law. The Court notes, though, that Rule 609(a)(1)(A) governs the admissibility of the felony conviction. Under that provision, a conviction is admissible only if the danger of unfair prejudice does not substantially outweigh the probative value of the evidence. FED. R. EVID. 609(a)(1)(A); FED. R. EVID. 403; *see also Jones v. Walters*, 2016 WL 1756908, at *3 (N.D. Ill. Apr. 29, 2016).

Again, Defendant has not provided any details about the facts underlying Plaintiff's conviction. Defendant says Plaintiff violated 720 ILL. COMP. STAT. 5/12-4(b)(22). That section of the Illinois Criminal Code that was repealed in 2011 when a new section was enacted to define the various forms of aggravated assault. *People v. Brown*, 36 N.E.3d 306, 319 n.1, *appeal denied*, 39 N.E.3d 1005 (Ill. App. Ct. 2015). Subsection (b)(22) applied when an individual committed a battery against a utility worker. 720 ILL. COMP. STAT. 5/12-4(b)(22). A battery occurs when a person "knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILL. COMP. STAT. 5/12-3(a).

Based solely on these statutory definitions, there is no indication that Plaintiff's felony conviction will be probative of his truthfulness to any meaningful degree. The Court recognizes that Rule 609 "incorporates a presumption that 'criminals are more likely to testify untruthfully.'" *Jones*, 2016 WL 1756908, at *3 (quoting *Gora v. Costa*, 971 F.2d 1325, 1330

(7th Cir. 1992)); *see also Stanbridge v. Mitchell*, 2012 WL 1853483, at *2 (C.D. Ill. May 21, 2012). Even under Rule 609(a)(1), however, convictions are not necessarily admissible when they have "little, if anything, to do with credibility." *Coles*, 2005 WL 1785326, at *2. As best the Court can tell from the relevant statutory language, the form of aggravated battery Plaintiff committed has nothing to do with his credibility. Thus, the probative value of that conviction is limited to the minimal presumption built into Rule 609.

On the other side of the scale, admitting the conviction clearly would be prejudicial to Plaintiff. As stated above, the fact that Plaintiff battered a utility worker has just about nothing to do with this case. The only real purpose of admitting the conviction would be to tar Plaintiff as a felony. Once he is stamped with that scarlet "F", the jury might conclude he is just a bad guy. And, the jury might reason, a bad guy does not deserve to be compensated, regardless of the merits of his claim. Moreover, battery is a physical crime and the jury might assume that Plaintiff injured the victim. That could lead the jury to think that the injury Plaintiff allegedly suffered at Defendant's store was his just desserts. Even if this potential prejudicial effect is somewhat small, it is significant enough to substantially outweigh the almost non-existent probative value of Plaintiff's felony conviction.

For all of these reasons, Plaintiff's Motion *in Limine* No. 13 is granted. If Defendant can provide more detail as to the two convictions discussed above and wants to raise this issue at the pretrial conference, it may do so.

**14. Motion No. 14**

Plaintiff's fourteenth motion *in limine* seeks to bar medical records that are not "directly related to the event at issue which is medical treatment rendered to [Plaintiff] for his knee and shoulder on the date of accident of August 12, 2013 and thereafter." Plaintiff's Motions, [ECF

No. 31 at 8–9]. Defendant objects to this motion on the basis that it is not clear what evidence Plaintiff wants to bar. Defendant's Response, [ECF No. 33 at 4]. Defendant also notes that some of Plaintiff's medical history "may go to his claim for loss of a normal life in the case at hand." *Id.*

The Court agrees with the general proposition that irrelevant medical records shall not be admitted in this case. The Court shares Defendant's uncertainty, though, about exactly what evidence Plaintiff wants to bar. The Court also agrees with Defendant that some medical records created prior to the date of the accident may be relevant to proving the effect of the accident on Plaintiff. The Court is not now ruling on the admissibility of such evidence. Instead, the Court findsthat Plaintiff has not carried his burden to show the evidence he seems to want to bar is inadmissible "on all potential grounds." *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1055 (N.D. Ill. 2009). Therefore, Plaintiff's Motion *in Limine* No. 14 is denied.

### 15. Motion No. 15

Plaintiff's fifteenth motion *in limine* seeks to bar evidence of unrelated litigation. Plaintiff's Motions, [ECF No. 31 at 9]. Defendant does not object to this motion. Defendant's Response, [ECF No. 33 at 4]. Therefore, Plaintiff's Motion *in Limine* No. 15 is granted.

### B. Defendant's Motions *in Limine*

#### 1. Motion No. 1

Defendant's first motion *in limine* seeks to bar evidence or argument about whether Defendant was or is insured. Defendant's Motions, [ECF No. 32 at 1]. That request seems appropriate and Plaintiff has not responded to this motion. But Defendant goes too far by asking the Court to order that witnesses not use certain words, including "claim," which has many meanings unrelated to insurance. Therefore, Defendant's Motion *in Limine* No. 1 is

11

granted in part and denied in part. To the extent the parties need further guidance from the Court concerning the impact of this ruling, they should raise the subject at the pretrial conference.

### 2. Motion No. 2

Defendant's second motion *in limine* seeks to bar reference to the wealth or poverty of any party. Defendant's Motions, [ECF No. 32 at 2]. Plaintiff has not responded to this motion. Therefore, Defendant's Motion *in Limine* No. 2 is granted.

### 3. Motion No. 3

Defendant's third motion *in limine* seeks to bar non-party witnesses from the courtroom until they have finished giving their testimony. Defendant's Motions, [ECF No. 32 at 2]. This request is consistent with the Court's normal practice and Federal Rule of Evidence 615. Plaintiff has not responded to the motion. Therefore, Defendant's Motion *in Limine* No. 3 is granted.

### 4. Motion No. 4

Defendant's fourth motion *in limine* seeks to bar evidence and argument related to expenditures, including medical bills, that Plaintiff has not shown were reasonable and necessary. Defendant's Motions, [ECF No. 32 at 2]. Plaintiff has not responded to this motion. Therefore, Defendant's Motion *in Limine* No. 4 is granted. *See Haack v. Bongiorno*, 2011 WL 862239, at *6 (N.D. Ill. Mar. 4, 2011) ("When evidence is admitted, through testimony or otherwise, that a medical bill was for treatment rendered and that the bill has been paid, the bill is *prima facie* reasonable."). To the extent the parties need further clarification of this ruling, they should raise the issue at the pretrial conference.

### 5. Motion No. 5

Defendant's fifth motion *in limine* seeks to bar reference to settlement negotiations and the potential to settle this case. Defendant's Motions, [ECF No. 32 at 3]. Plaintiff has not responded to this motion. Therefore, Defendant's Motion *in Limine* No. 5 is granted.

### 6. Motion No. 6

Defendant's sixth motion *in limine* seeks to bar questioning during *voir dire* about whether a prospective juror or his or her family member works in the claim department of an insurance company. Defendant's Motions, [ECF No. 32 at 3]. In their pretrial order, the parties will submit proposed *voir dire* questions, along with objections to the other side's proposed questions. *See* Preparation of Final Pretrial Order for Civil Cases before Judge Gilbert, http://www.ilnd.uscourts.gov/_assets/_documents/_forms/_judges/gilbert/Preparation%20of%20 Final%20Pretrial%20Order.pdf. Then, at the pretrial conference, the Court will discuss with the parties appropriate questions for the venire. Therefore, Defendant's Motion *in Limine* No. 6 is premature and is denied without prejudice.

### 7. Motion No. 7

Defendant's seventh motion *in limine* seeks to bar Plaintiff's counsel from, in the presence of the jury, either requesting that defense counsel stipulate to the admissibility of evidence or to facts, or moving for a directed verdict. Defendant's Motions, [ECF No. 32 at 3]. Plaintiff has not responded to this motion. Therefore, Defendant's Motion *in Limine* No. 7 is granted. The matters addressed in Defendant's motion will be addressed outside the presence of the jury, as is the Court's general practice.

### 8. Motion No. 8

Defendant's eighth motion *in limine* seeks to bar lay witness testimony about Plaintiff's condition and injuries, except for testimony about the witness's observations of the degree, location, and frequency of his symptoms. Defendant's Motions, [ECF No. 32 at 3]. Plaintiff has not responded to this motion. The Court interprets Defendant's motion to be intended to bar lay witnesses from providing expert medical testimony. With that understanding, Defendant's Motion *in Limine* No. 8 is granted.

### 9. Motion No. 9

Defendant's ninth motion *in limine* seeks to bar reference to or argument about Defendant's failure to produce evidence. Defendant's Motions, [ECF No. 32 at 4]. Plaintiff has not responded to this motion. Therefore, Defendant's Motion *in Limine* No. 9 is granted.

### 10. Motion No. 10

Defendant's tenth motion *in limine* seeks to bar any and all medical records from being published to the jury or going to the jury room during deliberations. Defendant's Motions, [ECF No. 32 at 4]. For the reasons stated with respect to Plaintiff's twelfth motion *in limine*, the Court believes this issue is premature, and Defendant's Motion *in Limine* No. 10 is denied. To the extent, however, that both parties agree that no medical records should be published to the jury or allowed to be taken to the jury room, the Court, obviously, will consider seriously the parties' positions on that issue.

### 11. Motion No. 11

Defendant's eleventh motion *in limine* seeks to bar argument that Plaintiff had to wait for his day in court. Defendant's Motions, [ECF No. 32 at 4]. Plaintiff has not responded to this motion. Therefore, Defendant's Motion *in Limine* No. 11 is granted.

### 12. Motion No. 12

Defendant's twelfth motion *in limine* seeks to bar reference in the presence of the jury to the parties' motions *in limine* and the Court's ruling on those motions. Defendant's Motions, [ECF No. 32 at 4]. Plaintiff has not responded to this motion. Nevertheless, Defendant's Motion *in Limine* No. 12 is denied. It may be necessary for the Court or counsel to reference a ruling on a motion *in limine* during trial for a reason that is not now apparent.

### 13. Motion No. 13

Defendant's thirteenth motion *in limine* seeks to bar reference in the presence of the jury to the Court's orders in this case. Defendant's Motions, [ECF No. 32 at 4]. Plaintiff has not responded to this motion. Nevertheless, Defendant's Motion *in Limine* No. 13 is denied for the same reason as Motion No. 12.

### 14. Motion No. 14

Defendant's fourteenth motion *in limine* seeks to bar reference to the proposition that Plaintiff was too poor to afford desired medical treatment. Defendant's Motions, [ECF No. 32 at 5]. Plaintiff has not responded to this motion. Therefore, Defendant's Motion *in Limine* No. 14 is granted.

### 15. Motion No. 15

Defendant's fifteenth motion *in limine* seeks to bar Plaintiff, counsel, and witnesses called by Plaintiff from discussing the veracity of another witness. Defendant's Motions, [ECF No. 32 at 5]. Plaintiff has not responded to this motion. Federal Rule of Evidence 608 allows a witness to testify about another witness's credibility in certain instances. Moreover, Plaintiff's counsel certainly is entitled during closing argument to contend that certain witnesses were credible and others were not. Therefore, Defendant's Motion *in Limine* No. 15 is denied.

### 16. Motion No. 16

Defendant's sixteenth motion *in limine* seeks to bar evidence and argument related to any other accident at a store owned by Defendant. Defendant's Motions, [ECF No. 32 at 5]. Plaintiff has not responded to this motion. Therefore, Defendant's Motion *in Limine* No. 16 is granted.

### 17. Motion No. 17

Defendant's seventeenth motion *in limine* seeks to bar Plaintiff from claiming the medical special damages associated with treatment tod his left ankle. Defendant's Motions, [ECF No. 32 at 6]. Defendant contends there is no evidence establishing a causal connection between that treatment and the incident that gave rise to this lawsuit. *Id.* Plaintiff has not responded to this motion. Therefore, Defendant's Motion *in Limine* No. 17 is granted.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motions *in Limine* [ECF No. 31] are granted in part and denied in part, and Defendant's Motions *in Limine* [ECF No. 32] are granted in part and denied in part.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 31, 2017